UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JAMES SINGLETARY,

    Plaintiff,                                CASE NO.: 2:19-cv-115-FtM-99MRM

v.

LIBERTY CONSHOR LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## FLSA SETTLEMENT AGREEMENT

This FLSA SETTLEMENT AGREEMENT ("Agreement") is made by and between JAMES SINGLETARY ("PLAINTIFF") and LIBERTY CONSHOR LLC ("DEFENDANT") (collectively referred to as the "Parties").

WHEREAS, PLAINTIFF filed a lawsuit which is currently pending in the United States District Court, Middle District of Florida, Case No. 2:19-cv-115-FtM-99MRM, ("Lawsuit") against PLAINTIFF alleging claims under the Fair Labor Standards Act ("FLSA").

WHEREAS, DEFENDANT denies it owes PLAINTIFF overtime compensation and denies that it violated the FLSA, or violated any other law in any way; and

WHEREAS, the parties hereto desire to settle the claims for overtime compensation in order to avoid the expense and distractions of litigation.

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **PLAINTIFF Releases DEFENDANT from All FLSA Claims Asserted in this Case.**

   a. PLAINTIFF knowingly and voluntarily releases and forever discharges DEFENDANT from all FLSA Claims asserted in this Lawsuit.

   b. PLAINTIFF agrees to be solely and completely responsible for any taxes which he is legally responsible on the Settlement Sum to himself. Moreover, PLAINTIFF agrees to indemnify DEFENDANT and hold it harmless from any taxes, penalties, or interest imposed against any Settlement Sum or as a result of any failure by PLAINTIFF to pay any taxes for which he is legally responsible on the Settlement Sum.

2. **Settlement Sum and Payments.**

   a. In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANT shall pay to PLAINTIFF the total sum of SIXTEEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($16,500.00) ("Settlement Payment"), allocated as follows: This Settlement Sum shall be paid as follows:

   i. Within fourteen (14) days of the Court's approval of the terms of the Settlement Agreement, the Defendant shall issue a check in the amount of FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00), less statutory withholdings, to PLAINTIFF for alleged back overtime wages, for which a W-2 shall be issued; a check in the amount of FIVE THOUSAND HUNDRED DOLLARS AND ZERO CENTS ($5,000.00) to PLAINTIFF for alleged liquidated damages, for which a 1099 shall be issued.

   ii. Within fourteen (14) days of the Court's approval of the terms of the Settlement Agreement and dismissal of the case with prejudice, the Defendant shall issue a check in the amount of SIX THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($6,500.00), which shall be made payable to Richard Celler Legal, P.A. for attorneys' fees and costs for which

a 1099 shall be issued. The law firm of Richard Celler Legal, P.A., agrees to provide a current W-9 Form prior to the issuance of this check.

    iv.    PLAINTIFF understands and agrees that DEFENDANT would not make these payments but for PLAINTIFF entering into this Agreement.

3. **DEFENDANT Denies Any Liability or Wrongdoing.**

DEFENDANT denies any liability for PLAINTIFF'S FLSA Claims. By entering into this Agreement, DEFENDANT is not admitting any liability or wrongful conduct. DEFENDANT has agreed to enter into this Agreement to avoid the continued cost and uncertainty from litigating.

4. **Release**

In exchange for the consideration described in paragraph 2 above, PLAINTIFF'S releases DEFENDANT from any and all FLSA claims or demands PLAINTIFF has asserted in this action (Case No. 2:19-cv-115-FtM-99MRM). PLAINTIFF understands and agrees that the payments set forth above are all that PLAINTIFF is entitled to receive from DEFENDANT as settlement of the above claims against DEFENDANT.

5. **Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In any claim, charge, complaint or action commenced, joined, brought on behalf of, or participated in by PLAINTIFF related to unpaid wages claimed in this Lawsuit, PLAINTIFF agrees to notify the government entity or court of the existence of this Agreement and that any such claims he may have had against DEFENDANT have been resolved. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

6. **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties hereto with respect to PLAINTIFF'S claims that he asserted in this Lawsuit, and fully supersedes any prior agreements or understandings between the Parties.

7. **Authorization.**

The persons signing this Agreement represent and warrant that they are duly authorized to execute it on behalf of the parties and to bind said parties to the terms, conditions, provisions, duties and obligations set forth herein.

8. **Settlement Approval and Dismissal**

The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

9. **Jurisdiction and Venue**

Plaintiff and Defendant hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in the United States District Court, Middle District of Florida, Fort Myers Division.

10. **Full Reading and Understanding; Opportunity to Consult Counsel.**

PLAINTIFF HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT SHE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT

OF THIS AGREEMENT. PLAINTIFF AGREES THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY HER AND THAT IF SHE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, HE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HIM BY HIS ATTORNEYS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO PLAINTIFFABOUT THIS AGREEMENT, OR TO INDUCE PLAINTIFF TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. PLAINTIFF AGREES THAT HE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT. PLAINTIFF IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS ASSERTED AGAINST DEFENDANT IN THIS ACTION (CASE NO. 2:19-cv-115-FtM-99MRM).

SPECIFICALLY, PLAINTIFF AGREES AND UNDERSTANDS THAT HE MAY NOT COMPROMISE HIS CLAIMS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT UNLESS HE HAS BEEN PAID ALL WAGES, FOR ALL HOURS WORKED, THROUGHOUT HIS EMPLOYMENT WITH DEFENDANT. BY HIS SIGNATURE BELOW, HE SPECIFICALLY CONFIRMS THAT WITH THE RECEIPT OF THE SETTLEMENT SUMS REFERENCED IN PARAGRAPH 2 ABOVE, HE HAS BEEN PAID ALL SUMS TO WHICH HE MAY HAVE AN ENTITLEMENT.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and FLSA Release as of the date set forth below:

_James Singletary (Dec 20, 2019)_            **Dec 20, 2019**
JAMES SINGLETARY                               Date

LIBERTY CONSHOR LLC

By:                                                   Date

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and FLSA Release as of the date set forth below:

_____     _____
JAMES SINGLETARY                Date

LIBERTY CONSHOR LLC

_____     ___12/23/19_____
By: Walter McDonough            Date
General Counsel