UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SINGLETARY,

    Plaintiff,

v.                                                          Case No.:   2:19-cv-115-FtM-32MRM

LIBERTY CONSHOR LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties filed a Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice and Supporting Memorandum of Law on December 23, 2019.  (Doc. 33). Plaintiff James Singletary and Defendant Liberty Conshore LLC jointly request that the Court approve the terms of their proposed Fair Labor Standards Act ("FLSA") Settlement Agreement (Doc. 33-1) and dismiss this case with prejudice.  (Doc. 33 at 1).  The proposed Settlement Agreement is attached as Exhibit A to the parties' motion.  (*See* Doc. 33-1).  After a careful review of the parties' submissions and the record, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT** the parties' motion (Doc. 33) and **APPROVE** the proposed Settlement Agreement (Doc. 33-1).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Applying these standards, the Undersigned analyzes the claims, defenses, and proposed settlement in this case below.

**CLAIMS AND DEFENSES**

Plaintiff alleges in his one-count Complaint that Defendant employed him in the capacity of an Assistant Superintendent and misclassified him as an exempt employee under the FLSA. (Doc. 1 at 3). Plaintiff also alleges that although Defendant paid him an hourly wage when he was first hired in May 2015, Defendant reclassified Plaintiff as "salaried" in March 2017 and stopped paying Plaintiff an hourly wage or overtime wages. (*See id.*). Plaintiff further claims

that he "regularly worked between sixty (60) to seventy (70) hours per work week, and was not compensated time and one-half his regular rate of pay for the[] [overtime] hours worked." (*Id.*). The Plaintiff estimates his damages in the Complaint as follows:

> For the time period of March 2017 through January 2019 (97 weeks), Plaintiff estimates his damages to be as follows:  Plaintiff was paid a weekly salary of $1,538.46 and averaged sixty-five (65) hours worked per week.  Plaintiff is owed half time damages as follows:  $1,538.46 % [sic] 65 = 25.64 % [sic] 2 = $12.82 owed per OT hour X 25 OT hours per week = $320.51 per week X  97 weeks = $31,089.74 in unliquidated damages, and $61,179.48 in liquidated damages.  Plaintiff is also seeking attorneys' fees and costs.

(*Id.* at 4 (original typeface omitted)).  Plaintiff alleges that Defendant had no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.  (*Id.*).

In his answers to this Court's interrogatories, Plaintiff revised his damages claim as follows:

> From the time period of May 2017 through December 2017 (32 weeks), Plaintiff estimates his damages to be as follows:  Plaintiff was paid a weekly salary of $1,346.15 and averaged sixty-five (65) hours worked per week. Plaintiff is owed half time damages as follows: $1,346.15 / 65 hours = $20.71 / 2 = $10.36 owed per OT hour X 25 OT hours per week = $258.88 X 32 weeks = $8,284.00 in unliquidated damages for that time period and $16,568.00 in liquidated damages.
>
> From the time period of January 2018 through January 2019 (56 weeks), Plaintiff estimates his damages to be as follows: Plaintiff was paid a weekly salary of $1,538.46 and averaged sixty-five (65) hours worked per week. Plaintiff is owed half time damages as follows: $1,538.46 / 65 hours = $23.67 / 2 = $11.83 owed per OT hour X 25 OT hours per week = $295.86 X 56 weeks = $16,568.05 in unliquidated damages for that time period and $33,136.10 in liquidated damages.
>
> For the time period of May 2017 through January 2019 the Plaintiff is owed $24,852.05 in unliquidated damages and $49,704.10 [in liquidated damages.]

(Doc. 19-1 at 3).

3

Defendant filed an Answer to the Complaint in which it denied liability and asserted several affirmative defenses. (*See* Doc. 15).

Against this backdrop, the Undersigned next analyzes the proposed settlement below, including the existence of a bona fide dispute, the proposed monetary terms, and the proposed payment of attorney's fees.

## ANALYSIS OF THE PROPOSED SETTLEMENT

*Bona Fide Dispute*

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the parties. As the parties adequately explain in their joint motion:

> Plaintiff alleges that he was employed in the capacity of an Assistant Superintendent and was misclassified as an exempt employee, and that while he worked in excess of forty (40) hours per week, Defendant failed to pay him full and proper overtime compensation for all hours worked over forty (40) per week.
>
> The Defendant denies Plaintiff's allegations and whether he is entitled to any relief whatsoever and maintains that Plaintiff was fully compensated for all hours that he worked for Defendant, and, further, that Plaintiff was properly classified as exempt.
>
> The Defendant also contends that there is no liability for liquidated damages because its actions were in good faith and it had reasonable grounds to believe their acts, practices or omissions were not a violation of the FLSA as provided at 29 U.S.C. §541.200 and 29 U.S.C. §541.203.

(Doc. 33 at 3-4). For these reasons, it is clear that the parties have a bona fide dispute in this case. Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable. The Undersigned addresses the monetary terms and the attorneys' fees separately below.

*Monetary Terms*

As indicated above, Plaintiff alleged in the Complaint that he regularly worked in excess of forty (40) hours within a work week averaging sixty (65) or more hours a week. (*See* Doc. 1 at 4). In his answers to the Court's interrogatories, Plaintiff estimated his damages to be $24,852.05 in unliquidated damages and $49,704.10 in liquidated damages. (Doc. 19-1 at 3). Under the proposed Settlement Agreement, however, Plaintiff will receive a total settlement in the amount of $10,000, comprised of $5,000 in backpay and $5,000 in liquidated damages. (Docs. 33 at 2, 33-1 at 2).

The parties do not attempt to explain the disparity between the proposed settlement amount and Plaintiff's earlier damages estimates. However, the parties do explain that:

> The complexity, expense, and length of future litigation . . . support approval of [the] settlement. . . . If the Parties continued to litigate this matter, they would be forced to engage in additional discovery, possibly motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.
>
> As to the state of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the Parties to make well-reasoned decisions in this matter. The Parties have exchanged relevant information pertaining to the factual basis for the claims and defense in the matter. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.
>
> **Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. The range of possible recovery by Plaintiff also is open to dispute. Even if Plaintiff succeeds on the merits of his claim, which would require substantial additional time and exercise of resources by both Parties, the exact amount of his recovery is uncertain. It will be difficult for Plaintiff to prove the precise number of overtime hours worked. In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to**

> **continue litigating his claims, the Court should find that the settlement is fair and reasonable.**

(Doc. 33 at 5-6 (emphasis added)).

The Undersigned finds the parties' justification for the proposed settlement, including the monetary terms, to be persuasive, fair, and reasonable. Thus, the Undersigned finds the proposed monetary terms of settlement are a fair and reasonable resolution of the bona fide dispute in this case.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees and costs in the amount of $6,500.00. (Docs. 33 at 4, 33-1 at 2-3). The parties stipulate that "the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amount being paid to Plaintiff under the terms of the Settlement Agreement and FLSA Release. (Doc. 33 at 6-7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement

6

> does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (*See* Doc. 33 at 6-7). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorneys' fees and costs is fair and reasonable.

## CONCLUSION

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and that the proposed settlement should be approved by the Court. Accordingly, the Undersigned respectfully **RECOMMENDS** that:

1. The Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice (Doc. 33) be **GRANTED**.

2. The Settlement Agreement (Doc. 33-1) be approved by the Court as a fair and reasonable resolution of a bona fide dispute regarding Plaintiff's FLSA claim.

3. The Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 6, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties